UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ANDREW L. HORACE Jr.,

    Plaintiff,

vs.

BROWARD HEALTH IMPERIAL
POINT AUXILIARY, INC.,
a Florida Not for Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ANDREW L. HORACE JR., (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant BROWARD HEALTH IMPERIAL POINT AUXILIARY, INC., a Florida Not for Profit Corporation (hereinafter, "Defendant"), and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § § 1331, 1343.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in the South District of Florida, which at all material times conducted, and

1

continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

## **PARTIES**

5. Plaintiff was at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. Plaintiff is a black male and a member of a class protected under Title VII, and the FCRA because the terms, conditions, and privileges of his employment were altered because of his race, and /or sex.

7. Further, Plaintiff was retaliated against for his complaints of discriminatory conduct on behalf of Defendant which places him within a class protected under Title VII and the FCRA.

8. Defendant is a Florida Not For Profit Corporation organized and existing in Florida and authorized to do business in Florida.

9. Defendant had, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations("FCHR").

11. Plaintiff's Charge was filed on or about September 10, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was issued a Notice of Right to Sue on September 7, 2022. ("Notice"). This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as "Exhibit A").

13. The FCHR has taken no action or issued any determination with respect to Plaintiff's Charge of Discrimination within 180 days of the filing of Charge.

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff worked for Defendant from March 2019 through December 2021 as a secretary under the supervision of nurse manager Barbara Donnelly (White American, Female).

16. Plaintiff received regular reviews during his employment with Defendant. Plaintiff's reviews from 2019- June 2020 all identified Plaintiff as having consistently met or exceeded the company's expectations.

17. Based on Plaintiff's tenure with the company, positive performance throughout his employment, and positive work history, Plaintiff was fully qualified for his position at the time all discriminatory events complained of herein occurred.

18. From the outset of his employment, Plaintiff noticed that Black African American employees were treated less favorably than their non-African American Non-Black counterparts by Donnelly.

19. Specifically, Donnelly spoke in a condescending and demeaning manner to Plaintiff on a regular basis. Donnelly did not speak in this manner to Hispanic and/or non-American employees. Furthermore, Donnelly provided none of the requisite job support incumbent of her as Plaintiff's supervisor.

20. Donnelly would constantly deny Plaintiff's requests for time off but would allow other Non-Black employees to take time off freely. Plaintiff also saw that Donnelly would give preference in scheduling to the White employees rather than the Black employees.

21. Donnelly's inability to work with Plaintiff caused problems and made it difficult for Plaintiff to do his job or comply with the training requirements on many occasions.

22. Around the second week of October 2020, Donnelly requested that Plaintiff needed to complete a required course by the end of the month. Given the short notice, the only dates available were October 19, 2020, and October 27, 2020, both during which Plaintiff was already scheduled to work.

23. On October 19, 2020, Plaintiff called out to attend the required course per Donnelly's request after he ensured that there was coverage. Nevertheless, Donnelly scolded Plaintiff for his absence. Donnelly spoke to Plaintiff in a condescending and belittling manner.

24. While Defendant allowed Donnelly's disparate treatment of Black employees to permeate the workplace throughout Plaintiff's employment, the disparate treatment significantly worsened after October 26, 2020, when Plaintiff was interviewed by Tamieka Johnson in Human Resources in active investigation against Donnelly. Plaintiff also spoke with Barbara Pickering and Flavia Fernandez in HR of Donnelly's harassment.

25. Donnelly then retaliated against Plaintiff for his complaints to human resources by threatening his job verbally and writing Plaintiff up for things which were not violations of policy; and which other, non-black employees were not written up when doing the same thing.

26. Plaintiff continued complaining about the harassment, continued disparate treatment, and the intimidation/retaliation to Tamieka Johnson, Letitia Woods ("Woods"), and Antonia Garrick in HR, and CEO Randy Gross, between October 26, 2020 and through June 2021.

27. Donnelly's conduct carried over to other counterparts of Plaintiff's and supervisors, who began subjecting Plaintiff to the same level of disparaging remarks and related inappropriate conduct.

28. Plaintiff ultimately made multiple requests by phone and written communication to human resources to be removed from the hostile work environment between October 26, 2020, and his forced resignation, all to no avail.

29. On June 28, 2021, Plaintiff received an Annual Review which reflected 18 points total which is considered not meeting expectations. During his tenure with the company, Plaintiff had not received such a low score.

30. Because of this review, Plaintiff was denied a merit increase in his pay and was placed on a performance improvement plan (PIP).

31. Plaintiff made a complaint to Defendant's Human Resources (HR) department in writing and through verbal communication regarding the unfair evaluation. HR ignored Plaintiff's complaint.

32. After HR refused to investigate, Plaintiff went to the Employee Advocacy, who initiated an investigation and Plaintiff was granted his raise.

33. On or about September 9, 2021, after yet another confrontation instigated by Donnelly, Plaintiff contacted the Fort Lauderdale Police Department to report the harassment as Plaintiff fear for his safety. Donnelly, then, in retaliation, wrote up Plaintiff for alleged insubordination and suspended Plaintiff without pay.

34. On September 10, 2021, Plaintiff filed a charge of discrimination with the EEOC about the discriminatory treatment.

35. October 2021 Plaintiff returned to work. Upon Plaintiff's return to work, on or about October 26, 2021, Plaintiff continued to be harassed and discriminated against, so much so that

Plaintiff's car was vandalized on Defendant's property. There were no prior incidents similar to that of Plaintiff of employee vehicles having been vandalized on the property.

36. On October 18, 2021, Plaintiff wrote a letter to Garrick setting forth all the discriminatory behavior and retaliatory actions towards him by Donnelly since his return. Although Plaintiff was told the issue was being handled, there was no resolution.

37. On or around November 2021, Plaintiff requested FMLA leave because of the mental anguish the harassment he was being subjected to had caused him.

38. Plaintiff's FMLA leave was approved. On December 5, 2021, Plaintiff then took FMLA leave for two weeks. Plaintiff started therapy and medication for all the mental anguish he experienced with the Defendant. Plaintiff was diagnosed with depression, anxiety, and PTSD.

39. On December 17, 2021, Plaintiff was asked to return to work before his approved leave expired.

40. The work conditions created a hostile work environment which were an immediate threat to Plaintiff's life. Therefore, Plaintiff had no other choice but to resign.

41. Defendant acted with intentional disregard for Plaintiff's rights under Title VII and the FCRA.

42. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination and/or retaliation.

43. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, color, gender and or complaints of discrimination were motivating factor(s) in the decision for adverse employment action(s).

44. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

45. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT I**
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON RACE)**

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-45 of this complaint as if set out in full herein.

47. Plaintiff brings this action under Title VII §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

48. Plaintiff is a member of a protected class, to wit, black race.

49. Defendant, by and through its supervisors and other representatives, did not treat Plaintiff the same as other Non-Black employees as alleged above.

50. Defendant did not treat Plaintiff the same as other Non-Black employees in that Plaintiff suffered adverse employment actions and was subject to discriminatory practices.

51. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)].

52. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, Non-Black employees were allowed better work opportunities.

53. At the time of this treatment from Defendant, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

54. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII, as amended.

55. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

56. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his race in violation of Act with respect to its decision to treat Plaintiff different from other Non-Black employees.

57. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

58. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered mental pain and suffering.

59. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII.

60. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
## VIOLATION OF THE CIVIL RIGHTS ACT
## (RETALIATION)

61. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-45 of this complaint as if set out in full herein.

62. Plaintiff complained to Defendant's Human Resources department, as set forth above, about the harassment to which he was subjected, the preference Donnelly had towards Non-Black employees in the department, and unfounded disciplinary actions.

63. Plaintiff's complaints were ignored, Plaintiff had to endure a hostile work environment.

64. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

65. On September 10, 2021, Plaintiff filed a charge of discrimination with the EEOC. Shortly thereafter, Plaintiff was subjected to unfounded disciplined and harassed by Donnelly as stated above.

66. Plaintiff's complaints of disparate treatment as stated above, were protected activity under the Act.

67. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

68. Defendant's stated reason(s) for the adverse employment action(s) against Plaintiff, including but not limited to the harassment and unfounded discipline and suspension (if any) are pretextual.

69. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

**WHEREFORE,** Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

70. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-45 of this complaint as if set out in full herein.

71. Plaintiff brings this action under the FCRA for damages caused by Defendant's unlawful employment practices committed against Plaintiff on the basis of his race, Black.

72. Plaintiff is a member of a protected class, to wit, Black race.

73. Defendant, by and through its supervisors, by the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to unequal treatment based on his race.

74. Defendant's though its employees acted with intentional disregard for Plaintiff's rights as a person of Black race under the FCRA.

75. Defendant provided the Plaintiff with a reason for the disparate treatment were pretextual for unlawful discrimination. However, even if Defendant had a reason, Plaintiff's race was, at minimum, a motivating factor in its adverse employment action.

76. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

77. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

78. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to compensation for emotional distress, pursuant to the provisions of FCRA.

79. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

80. Plaintiff re-alleges and re-avers paragraphs 1-45 as though full set forth herein.

81. Plaintiff complained to Defendant's Human Resources department, as set forth above, about the harassment to which he was subjected, the preference Donnelly had towards Non-Black employees in the department, and unfounded disciplinary actions.

82. Plaintiff's complaints were ignored, Plaintiff had to endure a hostile work environment.

83. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under the FCRA.

84. On September 10, 2021, Plaintiff filed a charge of discrimination with the EEOC. Shortly thereafter, Plaintiff was subjected to unfounded disciplined and harassed by Donnelly as stated above.

85. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

86. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

87. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

88. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

89. Defendant's alleged reason(s) for the adverse employment action against Plaintiff, (if any) are pretextual as described above.

90. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, were a motivating factor in the decision for the adverse employment action(s).

91. Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE,** Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff ANDREW L. HORACE JR. demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 6, 2022

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200
